# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LARRY DeLAWDER,

          Petitioner,        :     Case No. 1:13-cv-487

  - vs -                     District Judge S. Arthur Spiegel
                                Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

                             :
          Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Larry DeLawder brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions for aggravated murder and tampering with evidence in the Scioto County Court of Common Pleas.

DeLawder pleads the following grounds for relief:

> **Ground One:** Delawder's Trial Counsel rendered Greatly Ineffective when he failed to call a key witness to Prove Delawder's injurys and self-defence claim.
>
> **Supporting Facts**: Delawder had 19 witnesses on his witness list, yet his lawyer only called 8 leaving out multiple witnesses that could have benefited [sic] Delawder's claimes. THE most important Being ONE Terry Johnson, Scioto County, Doctor at the Jail. Mr. Johnson was 14th on the witness list field on 1-27-2010 and is the same doctor that examined Delawder and Put Him on 3 Different types of pain medication, while under HIS Care. The medications are as followed: Ibuprophen 800 MG, Tylenol 500 MG and last being Flexeril 10 MG.  Flexeril being a mild narcodict that can only be prescribed. Delawder took this medication twice a day. Mr. Delawder employer one Judge John Kehoe testified that Delawder had worked for him the whole day and he never seen Delawder in any pain or seen that he was injured. Terry Johnson's

1

testimony was cridical to this case and the injury he found on Delawder was the "key" to Delawder's self-defence claim sence the State claimed Delawder lied about being attacked, and his witnesses never touched Delawder. Terry Johnson's could have severly undercut these claims, Because doctors don't put a patient on several medications without due cause, that would be malpractice. By Delawder's Counsel not calling this witness he left out a substantial part of Delawder's self-defence Defence, "The Proven injury" to justify "His" Delawder's actions.

**Ground Two:** Trial court committed plain error when it improperly instructed the jury regarding the Purpose and Causation elements of the Aggravated Murder charges.

**Supporting Facts:** The trial court used this jury instruction in regards to Aggravated Murder trial, and its language has been deemed to violate Constitutional rights because it Introduces a Civil law concept of Liability that effectively eliminates the State's Burden to prove the men rea element of the underly offence. The trial court used 2- CROJI 417.01 and 2CROJI 417.23. However 2-CROJI 503.01 indicates that in a aggravated murder case the jury should Not be instructed that when the "Central Idea" or "Gist" of the offence is a Prohibition of a certain nature. Also used was the Defendant is responsible for the "Natural and Foreseeable Consequences" or results that follow in the ordinary course of events from the Act or failure to Act "Regardless of what he may have "Intended" to Accomplish by his Conduct"!

Intention was key in this case and separated it from involuntary manslaughter to Aggravated Murder, these instruction has been known to confuse jurys in murder case's and also put forth a civil law concept of liability in a criminal case, Which has been deem a violation of rights.

**Ground Three**: Trial court violated Delawder's rights of Due Process and a fair trial when it entered judgments of convictions for robbery, aggravated robbery and Both Counts of Aggravated Murder, when those judgments were against the manifest weight of evidence.

**Supporting Facts:** Delawder was accused of Attempted theft of property out of a truck, yet there was never any fingerprints or touch DNA found inside the truck, even though a trial witness said Delawder was in the truck "rummaging" threw it. The was no property to be found missing, no forced intry found. All witnesses initial statements, including Parkers wrote that when they exited

the Bar that Delawder was "Beside or around" the truck not one witness said "In or Rummaging threw" These statements change for in or exiting at Preliminary's by one witness, but he didn't know which side of truck Delawder was in. At trial this same witness now claimed he seen Delawder was in the left side of the truck bent down rummaging threw things. There was no physical evidence that put Delawder attempting or stealing any thing, yet the witnesses changed there story's to fit the robbery charges. These statements were introduces into evidence, Delawder admitted going to the wrong truck and opening the door, But not to steal. With the lack of any physical evidence that Delawder had touched a single piece of Paper in Parker's truck and the Initial witness'es statement the robbery convictions were against the manifested weight of evidence and both counts sould be void.

**Ground Four:** Delawder's Trial Counsel rendered ineffective multiple time's through out Delawder's trial and Greatly effected the outcome through his unprofessional ineffectiveness.

**Supporting Facts:** Trial counsel failed to request a jury instruction regarding Mr. Delawder's Defence of his family from the Danger of Bodily harm, as opposed to the Defence of his family from the Danger of Death or great Bodily harm. A "Defence of Family" Instruction was given But it was the "WRONG ONE" Delawder was convicted of two felonious assaults, regarding His swinging of a Black metal Bar at Mr. McCleese & Mr. McGlone after Delawder exited his home and seen these men, the same one's who had attacked him, surrounding his family. Delawder admitted to taking a pipe and swinging at the two closest men by his elderly Aunt & Auncle. But Did Not strike them. He merely chased them away from his family. Delawder felt they may be attacked and hurt, and he didn't want that to happen. The jury had to decide if Delawder's family was in Danger of "Death" or "Great Bodily harm". Well they were "Not" But in Danger of Mere bodily harm they could have been, if not for Delawder's actions.

2) Trial Counsel Failed to request a jury instruction regarding the lesser included offence of involuntary manslaughter. Trial Counsel mentioned to the court that the facts supported a instruction "Involuntary Homicide, Trial Court said" They would have to come back and decide on that at a later time. Delawder also let it be known that He wanted the Involuntary Manslaughter to be given on record. Trial Court did not give any lesser included charges to any of the offences, even though Delawder's Counsel filed Motion to have lesser's included charges. But none were given. Upon Hearing the jury instructions and the numerous errors

3

Counsel failed to object to a single one, even though he filed Motions for them, and Both Myself & Counsel had ask for the instructions. He unreasonably failed to follow through with his initial Plan of Defence Delawder had been chased 4 ½ block to his home, jumped and he stabbed Mr. Parker "one time" and One time only. And admitted to all at trial "stateing that He "Never" meant to kill Mr. Parker only stop the attack. Objections should have been made, and by Counsel not doing so He was Ineffective, Involuntary Manslaughter was needed, "Asked For" then not given.

3) Trial Counsel failed to object to trial Court's erroneous jury instructions regarding the purpose and Causation elements of the Aggravated Murder charges."  Trial Counsel failed to object to multiple erroneous instructions and his Performance was professionally unreasonable. Specific Intention was the Critical Point in this case, and the "Gist & Natural or foreseeable Consequence confused the jury. Given the substantial misguidance that was put on the jury in making the Determination, and Given The substantial amount of evidence which Indicated that Delawder Did not Intentionally Intend to Kill Parker merely injury him enough to repeal the Attack. Counsel should have objected to the numerous errors that were through out the jury instructions.

4) Trial Counsel failed to bring fourth evidence that could have Proved Delawder Did not try to commit a theft, and Prosecutor witness'es changed there storys to help convict Delawder of Robbery. All states witness are the same one's that chased and Attacked Delawder, the same one's that wrote witness statements, that never put Delawder "In" the Truck, lawyer should have tried to impeach each witness, Because there statements from 12-4-09 where Completely Different from there testimonys at trial. These statements are in the Discovery and can be Brought fourth, even the Decendant wrote statements that did not put Delawder " In" the truck "only by it" when he exited the Bar. Therefor counsel was was ineffective by not putting forth evidence, that could have help his client.

**Ground Five:** Appellant Counsel rendered objectively Ineffective when he failed to raise on Direct Appeal that Mr. Delawders jury clearly lost its way in Determining that he acted in self defence when he delivered the one fatal blow to Parker while Being Attacked by Parker and his friends.

**Supporting Facts**: Delawder fled from the bar and was chased 4 ½ blocks, Attacked by All four of the State's witnesses, and upon being Attacked in Front of Delawder's house. HE stabbed one of

4

the four men "ONE" time. Delawder called out to his family. As He made it to his house to call 911, to call the Police its on record The Court of Appeal Agrees there was a struggle Between Delawder and the states witness. Delawder admitted He stabbed Parker in self defence. Delawder "RAN" "Excaped" "withdrew" From the initial Incident. Therefore not being at fault and not violating any duty to retreat. It solely rest in the mind of the Defendant if he felt in fear of Death or Great Bodily harm and Delawder admitted He Did, and He Didn't intend to Kill parker. And all state's witnesses claims Parker "Ducked" into the Blow showing that Delawder was not aiming for his head, as state claims, The jury clearly lost its way when it Determined that Delawder Didn't act in self defence, when can clearly be seen that He met all elements of self defence.

**Ground Six**: Trial court abused its discretion when it denied Defendant Motion for a new trial, on the grounds of Prosecutor misconduct and new evidence/testimony.

**Supporting Facts**: The Prosecutor made several remarks that were highly prejudicial and Constitutionally improper. Mr. Kuhn on many fronts called Delawder a "liar." said He lied to his Family, Friends and even His mother; Delawder has lied to the court and the jury. By Kuhn stating this multiple times He Constitutes Personal opinion regarding Defendants credibility and should have let the jury decide. He couldn't find any thing stolen from the truck, so he made the statement that the only Person that could tell if anything was stolen is Dead. Therefor Presumed a act that He could not have Proven and wasn't in evidence and was Highly Prejudicial.

There was a man that lived across the street to Delawder's family, and the Day after the event had walked there Delawders Front yard to the Alley and had Found a Knife, with a red substance on it and kept it. Now 4 days after this state clames to have found a knife, yet the owner of the knife said that this was not the one, Delawder said it wasn't the knife, and BCI said the knife the state gave them Does not match for a positive I.D.

**Ground Seven**: Prosecutor made statements During trial that were false and highly Prejudicial and Constitutionally improper.

**Supporting Facts**: State Claimed that Defendant had Previously in Chicago, Attacked 3 different Black men with a knife. This statement was Completely False and highly prejudicial and very

5

misleading to a jury. If one looked at Delawder's Prior case in Question, Delawder was never even accused of stabbing anyone. One JT Spainhour and Matt Garza were the ones accused and charged.  Yet MR. Kuhn Delibertly misinformed the jury stating that Delawder had stab three men. He also added that Delawder Had already got away with this in Chicago, Lets Hope he Don't Do that Here. Mark Kuhn purposely poisoned the jury with misleading fact's, Protraying Delawder as a Knife Welding Monster and this was unprofessional and highly unconstitutional. Manteno, ILL Police reports can be shown, to prove who was blamed for the incedent.

**Ground Eight**: Prosecutor made threats to one of Delawders witness's, that if they testified they would be imprisoned.

**Supporting Facts**: Delawder had only one witness that had seen any of the Attack, Yet all she seen was Delawder getting off the Ground, with the Decendant and 3 state's witness's Surrounding him "They" the state Didn't Bring a charge against her until days before Trial. "They" told Her that if she testified for Delawder she was Going to Jail, But if she Didn't then the charges would be Droped. Miss Parrish stated that the state had threatened her in open court. There was a instant objection and the state said she couldn't say this. But the judge said if its true then she could and "Did not" strike it from the record. The jury had heard all this and it made Miss Parrish look as of she was guilty of a crime by, Mark Kuhn saying, the Police had been looking for Her for months yet, Miss Parrish had visited the Defendant every week at the jail, without being arrested.

**Ground Nine**: Trial judge Abused his Discretion and violated Due Process rights to a fair trial.

**Supporting Facts:** Delawder trial was Done at 2:30 pm and the jury was sent to Deliberate. They Did so until about 2:00 AM, They told the Balift that they were Deadlocked and couldn't come to a verdict. They ask if they could come Down and go home for the night Because they had been Deadlock for some time. They would like to start deliberation the Next Day. The judge told the jury that could not go home until they came out with a verdict. 5 min. later they Did come out with a guilty verdict on all 9 counts. The judge should have never made them render a decision until they were ready. Jury could prove this to be true.

**Ground Ten**: Trial Court abused its Discretion when it told trial Counsel that it would have to see all the evidence before letting the

involuntary manslaughter instruction in. Therefor Putting the Burden to get the instruction clearly on the Court. After trial Counsel ask for it, multiple times, Befor and through-out trial.

**Supporting Facts:** "In the Record" it will show that Delawder's Counsel Brought fourth the involuntary Manslaughter instruction's multiple times. The trial Court " Ask Delawder's Counsel" off the top of your head what lesser's included do you want, Trial Counsel specifically states "Involantary Homicide" one strike, one blow, with regards to the felonious assault on Parker. The "trial Court states" yeah that Depending on the evidence, something we'll talk about. Therefor taking responsibility to Give the instruction to the jury. Trial Counsel clearly on several different occations Brought the instruction to the Court's attention Through motions for lesser included charges on 2-4-10 and then again through-out the trial, yet trial Court repeatedly said they would have to see or hear all evidence in order for that instruction to be Given "<u>As the Record states</u>" so the Burden no longer rest upon Delawder's Counsel to have the instruction Given. He has asked numerous times and even Given the underlining charge of felonious assault. But was told it would be Decided "<u>By the Court</u>". Therefor the Court abused its Discretion by not instructing the jury on involuntary Manslaughter. When its a Mandatory lesser included charge to Aggravated Murder as stated by the supreme and federal Courts.

**Ground Eleven**: Trial Counsel failed to bring fourth a Complete and Aduqate Defence of self-defence therefor being Constitutionally ineffective.

**Supporting Facts:** Delawder's Defence was that of the Affirmative Defence of self-defence. Delawder had admitted he mistakenly got into the wrong truck, Delawder had admitted that he stabbed Mr. Parker "<u>ONE</u> time" Delawder Did not denie any of this. Counsel relied heavily on self-defence and thorefor should have brought fourth all evidence that Could have helped Delawder in his trial.

Delawder claimed he had been injured by the state's witness'es, state claimed His witnesse's never touched Delawder. Yet while at the jail, Delawder was treated, Given Medication and found to have substained injury. Also seen by a eyewitness who testified to bruises on Delawder's Back and thigh. This injury being the key Point in Delawder's Case. This found injury could have severely "<u>undercut</u>" state's claims that Delawder was "never" touched, and strongly Proved that Delawder had been attacked. Trial Counsel failed to bring fourth the Most important evidence to his case. This

7

evidence being backed by medication records, Doctor records,
witness testimony & the testimony of the "Doctor Himself" Trial
Counsel rendered Constitutionally ineffective and it
cannot be said this is sound trial stradigy. Because counsel leaving
this out did nothing But hurt Delawder's case.

(Petition, Doc. No. 1, PageID 7-24); see also Return of Writ, Doc. No. 7, PageID 52-58.[1]

**Procedural History**

DeLawder was indicted by the Scioto County grand jury on two counts of aggravated
murder (R.C. 2903.01(B)) (Counts 1 and 2); one count of murder (Ohio Revised Code §
2903.02(B)) (Count 3); one count of aggravated robbery (Ohio Revised Code § 2911.01(A)(1)
and (A)(3)) (Count 4); one count of robbery (Ohio Revised Code § 2911.02(A)(2) (Count 5); one
count of tampering with evidence (Ohio Revised Code § 2921.12(A)(1) (Count 6); and three
counts of felonious assault (Ohio Revised Code § 2903.11(A)(2) (Counts 7, 8 and 9). All counts
except tampering with evidence carried a repeat violent offender specification.

The jury found DeLawder guilty on all counts and the trial court denied a motion for new
trial.  The court of appeals affirmed in part but remanded for a determination of whether part of
the judgment was barred by Ohio Revised Code § 2941.25.  *State v. DeLawder*, 2012-Ohio-
1923, 2012 Ohio App. LEXIS 1677 (4th Dist. Apr. 25, 2012).  The Ohio Supreme Court declined
jurisdiction over a subsequent appeal.

DeLawder filed an application to reopen his direct appeal under Ohio R. App. P. 26(B)
on July 11, 2012, which the Fourth District rejected; Delawder did not appeal to the Ohio
Supreme Court.  Instead, he filed a second 26(B) application on July 22, 2013.  The Fourth

---

[1] The Court has copied the Grounds for Relief verbatim from the Petition, but has omitted the usual "sic" sign for
misspellings because there would be too many of them, rendering the text even less readable than it already is.

District rejected this application as well and DeLawder again did not appeal to the Supreme Court of Ohio.

Pursuant to the Fourth District's remand, DeLawder was resentenced on October 11, 2012. On March 22, 2013, he filed a petition for post-conviction relief which the trial court dismissed. He appealed to the Fourth District which issued a show cause order on August 23, 2013, to which DeLawder had not responded as of the date the Return of Writ was filed on September 20, 2013.

DeLawder filed the instant Petition for habeas corpus on July 15, 2013 (Doc. No. 1). On order of Magistrate Judge Litkovitz (Order to Show Cause, Doc. No. 2), the Warden filed a Return of Writ (Doc. No. 7). Despite five extensions of time to do so, DeLawder has never filed a reply to the Return and his last extension of time expired April 16, 2014 (See Order, Doc. No. 18). The case is thus ripe for decision after having been transferred to the undersigned on July 31, 2014 (Transfer Order, Doc. No. 19).

# Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, DeLawder claims he received ineffective assistance of trial counsel because his trial attorney did not call Dr. Johnson as a witness to show the medications which he had prescribe for DeLawder while he was incarcerated awaiting trial.

The Warden asserts this ground for relief is procedurally defaulted under Ohio's criminal *res judicata* doctrine because it could have been but was not raised on direct appeal (Return of

Writ, Doc. No. 7, PageID 60-67).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state

10

procedural rule. *Id.*

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright. Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)); see also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

Ohio requires ineffective assistance of counsel claims which depend on the trial record to be raised on direct appeal, but claims depending on evidence dehors the record to be raised by petition for post-conviction relief under Ohio Revised Code § 2953.21. In the federal courts, ineffective assistance of counsel claims may be brought in § 2255 proceedings even if they could have been brought on direct appeal.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.

2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case, as DeLawder admits, Dr. Johnson was listed as a trial witness but not called to testify. Therefore the asserted ineffectiveness of trial counsel in not calling him was available on direct appeal but was not raised. Under those circumstances, the ineffective assistance of trial counsel claim is barred by *res judicata.* Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Judge Moore recognizes this as a ruling of the Sixth Circuit in *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Coleman v.*

12

*Mitchell, supra, Rust v. Zent, supra, and Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991).

Because it is barred by his procedural default in presenting it to the Ohio courts, DeLawder's First Ground for Relief should be dismissed with prejudice.

**Ground Two: Error in Jury Instructions**

In his Second Ground for Relief, DeLawder asserts the trial court committed error in improperly instructing the jury regarding the purpose and causation elements of aggravated murder. Respondent asserts this Ground for Relief is also procedurally defaulted because DeLawder made no objection to the instruction at trial (Return of Writ, Doc. No. 7, PageID 67-68).

Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010). The Fourth District Court of Appeals enforced this rule against DeLawder by conducting only plain error

review on this claim.

A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir.  2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Because the Fourth District enforced the contemporaneous objection rule against DeLawder on the claim, it should be dismissed with prejudice.


**Ground Three:  Manifest Weight of the Evidence**


In his Third Ground for Relief, DeLawder contends his convictions robbery, aggravated robbery, and two counts of aggravated murder are against the manifest weight of the evidence. The Warden asserts this claim should be dismissed because it does not state a claim on which habeas corpus relief can be granted.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the  manifest weight of the evidence.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.  In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.  *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief."  (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited

approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

While a claim of insufficient evidence does state a claim for habeas relief under *Jackson v. Virginia*, 443 U.S. 307 (1979), a claim that a verdict is against the manifest weight of the evidence does not. The Third Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.


**Ground Four:  Ineffective Assistance of Trial Counsel**


In his Fourth Ground for Relief, DeLawder asserts ineffective assistance of trial counsel in four sub-claims:  (1) failure to request the correct jury instruction on the defense of family from bodily harm; (2) failure to request an instruction on involuntary manslaughter; (3) failure to object to erroneous instructions on the purpose and causation elements of aggravated murder; and (4) failure to present evidence that DeLawder did not attempt to commit theft.

The Warden correctly asserts that the fourth subclaim is procedurally defaulted because it

16

was available on direct appeal, was not presented, and is now barred by *res judicata*. The Warden defends the first three sub-claims on the merits.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

> With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is

a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142

F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th  Cir. 1987).  *See generally*

Annotation, 26 ALR Fed 218.

The first three sub-claims of Ground Four were presented to the Fourth District Court of

Appeals on direct appeal.  That court decided the claims as follows:

> [**P49**] In his fourth assignment of error, Delawder contends that trial counsel rendered ineffective assistance. To prevail on a claim of ineffective assistance of counsel, an appellant must show that: 1.) his counsel's performance was deficient; and 2.) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006 Ohio 5084, 854 N.E.2d 1038, at ¶205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006 Ohio 2815, 848 N.E.2d 810, at ¶95. To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. Id. The appellant has the burden of proof on the issue of counsel's ineffectiveness because a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006 Ohio 6679, 860 N.E.2d 77, at ¶62.
>
> A. Lesser Included Offenses
>
> [**P50**] Delawder contends that trial counsel should have requested a jury instruction or objected to the trial court's failure to instruct the jury on involuntary manslaughter as a lesser included offense of the aggravated felony murder and felony murder charges. Even if we presume Delawder qualified for such an instruction, as we already noted, a failure to request a jury instruction on a lesser included offense is presumed to be a matter of trial strategy, and, therefore, does not establish ineffective assistance of counsel. *Murphy*, supra, at ¶36, citing *Teets*, supra, at ¶26. See, also, *Griffie*, supra, at 333 ("The record may reveal that trial counsel did not request a certain jury instruction, but, without more, the court of appeals would have to guess as to why trial counsel did not make the request.  Failure to request instructions on lesser-included

18

offenses is a matter of trial strategy and does not establish ineffective assistance of counsel.").

[*P51] Delawder claims that "it cannot be said there was a strategic decision to forego the instruction * * *." (Appellant's Br. 33). Delawder vaguely argues that the "necessity of the instruction was apparent upon hearing the evidence adduced at trial * * *." (Appellant's Br. 34). He also argues that a conviction for involuntary manslaughter would have been an "appropriate outcome." (Appellant's Br. 34). But even if true, that fact would not preclude the possibility of counsel making a strategic decision to use an "all or nothing" approach (guilty or not guilty on the charged offenses) rather than giving the jury the option of convicting on a lesser included offense.

[*P52] Delawder also claims that "trial counsel previously indicated that Mr. Delawder wanted the instruction to be given." However, counsel merely mentioned the possibility of an involuntary manslaughter instruction. The fact that counsel recognized this possibility but ultimately did not request the instruction only bolsters the presumption that counsel made a strategic decision to use an "all or nothing" approach. Therefore, we reject Delawder's argument that trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of involuntary manslaughter.

B. Aggravated Felony Murder Jury Instructions

[*P53] Delawder also argues that trial counsel should have objected to the trial court's instructions on aggravated felony murder that he complained of in his first assignment of error. However, we already determined that the trial court did not commit plain error by giving the "gist of the offense" instruction because it was not outcome determinative. See Section IV.B. He also makes a similar complaint about the lack of an objection to the inference instruction. And he complains about the lack of an objection to the foreseeability instruction. Again we found no prejudicial impact on the outcome of the trial. Accordingly, there can be no ineffective assistance in the lack of an objection on any of these instructions because of the lack of prejudice.

C. Defense of Family

[*P54] Delawder was charged with the felonious assault of McCleese and McGlone. For these charges, the trial court instructed the jury on the defense of another. However, Delawder

complains that trial counsel should have objected when the court instructed the jury on the use of deadly force, instead of non-deadly force, to defend another.

[*P55] The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R.C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue." *State v. Melchior* (1978), 56 Ohio St.2d 15, 381 N.E.2d 195, at paragraph one of the syllabus. We review this issue de novo. See *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 124, 1997 Ohio 401, 679 N.E.2d 1099, citing *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828  ("In reviewing a record to ascertain whether sufficient evidence exists to support the giving of an instruction, *an appellate court should determine* whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction.") (Emphasis added). The trial court, as matter of law, cannot give a jury instruction on an affirmative defense if the defendant fails to meet his initial burden. *State v. Powell* (Sept. 29, 1997), Ross App. No. 96CA2257, 1997 Ohio App. LEXIS 4480, 1997 WL 602864, at *1, citing *State v. Reedy* (Dec. 11, 1996), Jackson App. No. 96CA782, 1996 Ohio App. LEXIS 5699, 1996 WL 721072.

[*P56] Deadly force "means any force that carries a substantial risk that it will proximately result in the death of any person." R.C. 2901.01 (A)(2). A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01 (A)(8). "Defense of another is a variation of self-defense." *State v. Moss*, Franklin App. No. 05AP-610, 2006 Ohio 1647, at ¶13. And in the context of self-defense, we have found that "a deadly-force, self-defense instruction is appropriate when physical harm was inflicted by means of a deadly weapon or dangerous ordnance." *State v. Hansen*, Athens App. No. 01CA15, 2002 Ohio 6135, at ¶29.

[*P57] Undoubtedly the metal "pipe" that Delawder used qualifies as a "deadly weapon or dangerous ordnance." The jury had to make such a finding to conclude Delawder was guilty of the felonious assault charges under R.C. 2903.11(A)(2), and Delawder implicitly admitted that by raising an affirmative defense to the charges. See *Powell*, 1997 Ohio App. LEXIS 4480, [WL] at *2, quoting *State v. Roy* (Mar. 27, 1996), Adams App. No. 95CA590, 1996 Ohio App. LEXIS 1360, 1996 WL 148602 (An affirmative

defense is one in which the defendant admits the elements of the crime but seeks to prove some additional fact or facts that absolves the defendant of guilt."). Moreover, Delawder acknowledged that he might have swung the pipe at the men who chased him, i.e. McCleese and McGlone, testifying: "[I]f I swung the pipe at them, I swung at them."

[*P58] In addition, McCleese testified that after stabbing Parker, Delawder came after him and Parker with a tire tool of some kind. McCleese testified: "[A]nd as he gets to us, he's getting ready to swing it and I pull [Parker] down and duck and he swings right over our heads." McGlone testified that when Delawder swung at Parker and McCleese, "he was swinging about neck high[,]" and they had to duck. When McGlone shouted to distract Delawder, he turned and came after McGlone. According to McGlone, Delawder got close enough to swing at him once. Preston also testified that Delawder swung a metal object at McCleese and came "within probably inches" of hitting him. In addition, Preston saw Delawder running toward McGlone.

[*P59] Thus, evidence shows that after stabbing Parker in the head, Delawder attempted to swing a deadly weapon at the heads of Parker and McCleese, and then he immediately ran and tried to swing the same object at McGlone. Clearly, if one swings a metal bar at another person, particularly when aimed at the head, there is a strong possibility that action will proximately result in the person's death.

[*P60] Delawder did not present any evidence from which reasonable jurors would conclude his actions constituted the use of non-deadly force. Contrary to Delawder's argument, the fact that he missed McCleese and McGlone does not prove he used non-deadly force — Delawder's argument confuses the kind of force used with the results. Delawder also argues the non-deadly force instruction was warranted because it was "more reasonable to instruct the jury that [he] believed that his family was in danger of bodily harm, as opposed to death or great bodily harm." (Appellant's Br. 31). However, the level of the perceived threat is relevant in determining what level of force a defendant is justified in using to defend another — not in characterizing the defendant's actual use of force as deadly or non-deadly.

[*P61] The evidence supports the defense of another instruction containing a use of deadly force component but not an instruction on non-deadly force. Because Delawder was not entitled to an instruction on non-deadly force, counsel was not deficient for

> failing to perform the futile act of seeking such an instruction. See *State v. Blevins*, Scioto App. No. 10CA3353, 2011 Ohio 3367, at ¶30. We reject Delawder's fourth assignment of error.

*State v. DeLawder, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Fourth District Court of Appeals decided these three sub-claims on the merits, applying the correct federal standard as adopted in *Strickland v. Washington, supra.*  DeLawder has failed to demonstrate that that decision is contrary to or an objectively unreasonable application of *Strickland*.  These three sub-claims are therefore without merit.

The Fourth Ground for Relief should therefore be dismissed with prejudice.

**Ground Five:  Ineffective Assistance of Appellate Counsel**

In his Fifth Ground for Relief, DeLawder claims his appellate attorney was ineffective for failing to make a manifest weight of the evidence claim with respect to his defense of self-defense.  The Warden correctly argues this claim is procedurally defaulted.

In Ohio, the proper method for making a claim of ineffective assistance of appellate counsel is by way of an application for reopening the direct appeal under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  DeLawder filed two Rule 26(B) applications, but

never included this claim (Return of Writ, Doc. No.7, PageID 69-70).  Ground Five is therefore barred by DeLawder's procedural default in presenting it to the state courts.


**Ground Six:  Denial of Motion for New Trial**


In his Sixth Ground for Relief, DeLawder claims the trial court abused its discretion when it denied the motion for new trial he made on grounds of prosecutorial misconduct and new evidence.  The Warden asserts this claim is also barred by DeLawder's procedural default in failing to raise it on direct appeal.  Both sub-claims were available to him on direct appeal, as both depend on the record made in the trial court, but neither one was raised.

Accordingly, Ground Six should be dismissed as barred by DeLawder's procedural default in presenting it to the Ohio courts.


**Ground Seven:  Prosecutorial Misconduct**


In his Seventh Ground for Relief, DeLawder asserts he was denied a fair trial by the prosecutor's making false and highly prejudicial comment during the trial.  This claim also was procedurally defaulted when DeLawder failed to raise it on direct appeal.


**Ground Eight:  Prosecutorial Misconduct by Threat to a Defense Witness**


In his Eighth Ground for Relief, DeLawder accuses the prosecutor of threatening one of his witnesses with imprisonment if she testified.  The claim is, according to the Petition,

evidenced in the record when the witness, a Miss Parrish, said in open court that "they" told her if she testified for DeLawder she would go to jail, but if she did not the charges against her would be dropped.

The Warden correctly argues that this Ground for Relief is procedurally defaulted by DeLawder's failure to present it on direct appeal.  Ohio's criminal *res judicata* rule requires, as noted above, presentation on direct appeal of all claims which are based on the record.

**Ground Nine:  Denial of Fair Trial by Trial Judge**

In his Ninth Ground for Relief, DeLawder claims the trial judge denied him a fair trial by making the jury deliberate after they were ready to quit for the day.  This Ground for Relief is procedurally defaulted on the same basis as Ground Eight, to wit, failure to raise it on direct appeal.

**Ground Ten:  Failure to Instruct on Involuntary Manslaughter**

In his Tenth Ground for Relief, DeLawder claims his due process rights were violated when the trial judge failed to instruct on the lesser included offense of involuntary manslaughter.

The Warden asserts this claim is procedurally defaulted by DeLawder's failure to fairly present it as a federal constitutional claim on direct appeal (Return of Writ, Doc. No. 7, PageID 74-78).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity

to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Examination of DeLawder's appellate brief substantiates the Warden's claim.  While the Fifth, Sixth, and Fourteenth Amendments are mentioned in Assignment of Error I (see Appellant's Brief, Return of Writ, Doc. No. 7, Ex. 22, PageID 216), only Ohio case law is cited (*Id.* at PageID 218), and only Ohio law arguments are made (*Id.* at PageID 232-34.)

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" or merely mentioning the Fifth, Sixth, and Fourteenth Amendments does not constitute raising a federal constitutional issue.  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).  When a defendant does so little to present his claim that it has not been fairly presented, then the presumption under

*Harrington v. Richter* that the state court decided the claim on the merits is "fully rebutted." *Johnson v. Williams*, 568 U.S. ___, 133 S. Ct. 1088, *; 185 L. Ed. 2d 105 (2013).  On the other hand, when a federal claim is fairly presented but not addressed, "a federal habeas court must presume that the federal claim was adjudicated on the merits. . ."  *Ross v. Pineda,* 2013 U.S. App. LEXIS 25481 (6th Cir. 2013), *quoting Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013)(emphasis added).

DeLawder is placed in a difficult position by *Johnson v. Williams, supra*.  If this Court finds the federal claim was not fairly presented, then it is procedurally defaulted.  If the Court finds it was fairly presented, then it must evaluate the state court decision under the deferential standard of 28 U.S.C. § 2254(d)(1).  While the Court believes this claim is procedurally defaulted because it was not fairly presented as a federal constitutional claim, an alternative analysis on the merits is offered here.

The Fourth District decided the lesser included jury instructions claim as follows:

> **[\*P21]** In his first assignment of error, Delawder contends that the trial court erred when it failed to: 1.) instruct the jury on a lesser included offense for both aggravated felony murder and felony murder; and 2.) properly instruct the jury regarding the aggravated felony murder charges. Generally, we use a de novo review to determine whether the court's jury instructions charge on all relevant questions of the law that the evidence supports. *Brown*, supra, at ¶34. However, the actual wording and format are within the trial court's discretion. Id. Here, Delawder acknowledges that he failed to object to these matters at the trial level and has forfeited all but plain error.

> **[\*P22]** "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *State v. Davis*, Highland App. No. 06CA21, 2007 Ohio

3944, at ¶22, citing *United States v. Vonn* (2002), 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90.

[*P23] For a reviewing court to find plain error: 1.) there must be an error, i.e. "a deviation from a legal rule"; 2.) the error must be plain, i.e. "an 'obvious' defect in the trial proceedings"; and 3.) the error must have affected "substantial rights," i.e. it must have affected the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240. Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.

A. Lesser Included Offenses

[*P24] Delawder contends that the trial court should have instructed the jury on involuntary manslaughter as a lesser included offense of both aggravated felony murder charges and the felony murder charge. In reviewing a trial court's decision on whether to give a jury instruction on a lesser included offense, we generally employ a two-tiered analysis. See *State v. Evans*, 122 Ohio St.3d 381, 2009 Ohio 2974, 911 N.E.2d 889. First, we determine whether one offense is in fact a lesser included offense of the charged offense using a three-part test. See id. at paragraph two of the syllabus, ¶26. If we find that one offense is a lesser included offense of another, in the second tier of the analysis we must determine whether the defendant was entitled to the instruction based on the specific facts of the case. Id. at ¶13.

[*P25] Even if we presume Delawder qualified for an involuntary manslaughter instruction under this test, we cannot find plain error in the court's failure to instruct the jury on this offense. "While a trial court does have a duty to include instructions on lesser included offenses where they are appropriate, a defendant still retains the right to waive such instructions." *Murphy*, supra, at ¶35, citing *State v. Clayton* (1980), 62 Ohio St.2d 45, 47, fn. 2, 402 N.E.2d 1189 (per curiam). Thus, Delawder could make the tactical decision not to request an instruction on lesser included offenses. See id.

[*P26] As we explained in *Murphy* at ¶¶36-37:

Generally, a failure to request a jury instruction on a lesser included offense is presumed to be a matter of trial strategy. *State*

27

*v. Teets*, Pickaway App. No. 02CA1, 2002 Ohio 6799, at ¶26; *State v. Clark*, Lawrence App. No. 03CA18, 2004 Ohio 3843, at ¶15, citing *State v. Griffie* * * *, 74 Ohio St.3d 332, 658 N.E.2d 764, 1996 Ohio 71; see, also, *State v. Riley*, Franklin App. No. 06AP-P1091, 2007 Ohio 4409, at ¶5 (holding that, in light of this presumption, the failure to request an instruction on a lesser-included offense does not by itself establish plain error or the ineffective assistance of counsel); and *State v. Davis*, Summit App. No. 21794, 2004 Ohio 3246, at ¶18 ("Defendant in this case has offered no evidence showing that trial counsel's decision not to request those instructions was anything other than sound trial strategy aimed at acquiring a complete acquittal.").

A defendant may not rely on the plain error rule to evade the consequences of his own trial strategy. *State v. Claytor* (1991), 61 Ohio St.3d 234, 240, 574 N.E.2d 472 ("What appears to have been a tactical decision [not to request the lesser included offense in jury instructions] in this case during the trial cannot now be converted into judicial error."); *State v. Noggle*, 140 Ohio App.3d 733, [745], 2000 Ohio 1927, 749 N.E.2d 309 ("[W]e note that plain error cannot be used to negate a deliberate, tactical decision by trial counsel."). * * * See, also, *State v. Viers*, Jefferson App. No. 01 JE 19, 2003 Ohio 3483, at ¶48 ("By relying on the plain error doctrine, appellant basically contends that the trial court should have sua sponte instructed the jury on the lesser included offense * * * * * * "[I]f it is not ineffective assistance of counsel, then how can it be error by the court; is a court to advise counsel that a lesser included instruction may be a wise trial tactic?").

**[\*P27]** Delawder has not rebutted the presumption of trial strategy. See our rejection of Delawder's claim that trial counsel rendered ineffective assistance of counsel by not requesting an involuntary manslaughter instruction in Section VI.A. below. He cannot complain that the trial court committed plain error where counsel apparently was seeking an acquittal rather than inviting conviction on a lesser offense. Accordingly, we find no error in the trial court's failure to instruct the jury on involuntary manslaughter. In the absence of error, a plain error argument becomes meritless.

*State v. DeLawder, supra.* As a matter of federal law, a defendant is entitled to a lesser-included offense instruction only when the evidence warrants it. *Beck v. Alabama*, 447 U.S. 625, 636, fn. 12 (1980); *Keeble v. United States*, 412 U.S. 205 (1973); *State v. Kilby*, 50 Ohio St. 2d 21

(1977).  "Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction."  *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 *9 (6th Cir. 2009), *quoting Hopper v. Evans*, 456 U.S. 605, 611 (1982).  The Sixth Circuit has in fact refused to extend *Beck* to non-capital cases.  *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle,* 260 F.3d 531, 541 (6th Cir. 2001); *Bagby v. Sowders,* 894 F.2d 792, 795-97 (6th Cir. 1990).

In sum, the Tenth Ground for Relief is procedurally defaulted either by lack of fair presentation in the state courts or by trial counsel's failure to contemporaneously object. Alternatively, DeLawder has not shown that the Fourth District's decision is contrary to or an unreasonable application of Supreme Court precedent, particularly *Beck v. Alabama, supra*.


**Ground Eleven:  Ineffective Assistance of Trial Counsel**


Ground Eleven is essentially a repeat of Ground One, a claim that trial counsel provided ineffective assistance of trial counsel by failing to fully develop the defense of self-defense.  It is procedurally defaulted on the same basis as Ground One.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Aug 5 2014 4:07 PM



X _____
Michael R. Merz


**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).